DAVID CURRY, Respondent, *v.* THE UNION ELECTRIC RAILWAY COMPANY, Appellant.

*Contributory negligence, in crossing electric railway tracks, a question for the jury.*

It is the duty of a person about to cross the tracks of an electric railway to look both ways. If he looks along the tracks in one direction to a point where he can no longer see in that direction and then looks along the tracks in another direction, his attention being detained there a moment, and then looks again in the first direction and discovers almost upon him a car by which he is run down, thereby sustaining personal injuries, it is a question for the jury to determine, in an action brought to recover damages for such personal injuries alleged to have been sustained by reason of the defendant's negligence, whether or not such person was guilty of contributory negligence.

APPEAL by the defendant, The Union Electric Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 24th day of October, 1894, upon the verdict of a jury rendered after a trial at the Saratoga Circuit, and also from an order entered in said clerk's office on the 19th day of October, 1894, denying the defendant's motion for a new trial made upon the minutes and the rulings of the judge upon the trial, with notice of an intention to bring up for review upon such appeal said judgment, order and rulings.

This action was brought to recover damages for personal injuries sustained by the plaintiff in being run into by a car upon the defendant's electric railway, by reason of the defendant's alleged negligence.

*John L. Henning*, for the appellant.

*John Foley*, for the respondent.

HERRICK, J.:

The only point in this case that strikes me is as to whether there was any evidence of a lack of contributory negligence on the part of the plaintiff to submit to the jury.

It appears that on the east side of Nelson avenue there were several buildings that somewhat obstructed the view of the defendant's tracks; also, a barn east of the Wiggins house. That the plaintiff, as he approached the track, looked between the house and the barn and saw nothing upon the track. It appears, also, that for a space of some feet the Wiggins house entirely obstructs the view of the tracks, looking east, until a point is reached distant 80 feet from the south rail of defendant's tracks, at which point said tracks can be seen for a distance of 100 feet from the center of Nelson avenue. At 60 feet from the south rail defendant's track can be seen for a distance of 136¼ feet, and 46 feet therefrom the defendant's tracks can be seen for a distance of 289 feet.

The plaintiff, it appears, was standing on the right-hand or east side of the wagon; his attention was directed to a car to the west of Nelson avenue, and some 500 feet distant from the crossing, at which point it turned off on Adams street. He does not seem to have looked continuously, but as he turned and looked to the east he discovered the car forty or forty-five feet distant, his horses at that time being almost upon defendant's tracks. Going at any rate of speed that was testified to upon the trial, either at eight or twenty miles an hour, it would take the defendant's car but a few seconds to traverse the difference between 40 or 45 feet and 136 feet, at which it appears the plaintiff could have seen the car when 60 feet away, or 289 feet when 46 feet away from the south rail.

It will thus be seen that the diversion of plaintiff's attention from the car coming from the west, for but a very short period of time, would enable defendant's car coming from the east to cover the distance at which it could be seen after the line of plaintiff's vision reached beyond the Wiggins house, until the car would be almost upon plaintiff's vehicle.

It was the plaintiff's duty to look both ways; he looked to the east at one point; he then reached a point where he could no longer look to the east; he then looked to the west; his attention was

detained there for a moment, and when he looked to the east again the car was almost upon him.

It seems to me, therefore, under the circumstances, that this was a case for the jury to determine.

The judgment should, therefore, be affirmed, with costs.

PUTNAM, J., concurred; STOVER, J., not acting.

Judgment affirmed, with costs.